UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| BRYANT J. HARRIS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 3:23-CV-301-TAV-DCP |
| BRIAN ELLER, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a pro se petition for habeas corpus relief under 28 U.S.C. § 2254 in which Petitioner, a state prisoner, seeks to challenge various 2014 Hawkins County, Tennessee convictions [Doc. 2, p. 1]. Now before the Court is Respondent's motion to dismiss the petition as time-barred [Doc. 9], in support of which he filed the state court record [Doc. 7] and a memorandum [Doc. 10]. Petitioner filed a response in opposition to this motion [Doc. 12], as well as a motion for Respondent to supplement the record with preliminary hearing transcripts [Doc. 11]. For the reasons set forth below, the § 2254 petition is untimely. As such, Respondent's motion [Doc. 9] will be **GRANTED**, this action will be **DISMISSED**, and Petitioner's motion [Doc. 11] will be **DENIED as moot**.

I.  STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq.*, provides a one-year statute of limitations for an application for a federal writ of habeas corpus. The statute provides in relevant part that this statute of

limitations runs from "the date on which the judgment became final by the conclusion of direct review . . . ." 28 U.S.C. § 2244(d)(1).

## II. BACKGROUND

A jury convicted Petitioner of first-degree murder, felony murder, and aggravated burglary [Doc. 7-1, pp. 108–10]. The trial court sentenced Petitioner to life sentences for his murder convictions and six years for his aggravated burglary conviction, all to be served concurrently [*Id.*]. In its opinion addressing Petitioner's direct appeal of his convictions, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the trial court's judgments but remanded the case to the trial court "for the entry of corrected judgments reflecting the merger of the first[-]degree felony murder conviction with the first[-]degree premeditated murder conviction" [Doc. 7-14, pp. 18–19]. On February 23, 2017, the Tennessee Supreme Court denied Petitioner's request for discretionary review of his direct appeal [Doc. 7-17, p. 1]. On May 5, 2017, the trial court entered an amended judgment merging Petitioner's murder convictions pursuant to the TCCA's opinion [Doc. 10-1, p. 1].

On February 22, 2018, Petitioner filed a post-conviction petition [Doc. 7-18, pp. 5–35]. The post-conviction court denied the petition [Doc. 7-18, pp. 85–96], and the TCCA affirmed [Docs. 7-25, 7-26]. On April 14, 2023, the Tennessee Supreme Court denied Petitioner's application for review [Doc. 7-29, p. 1]. On August 16, 2023, Petitioner filed the instant petition for relief under § 2254 [Doc. 1, p. 12].

## III. ANALYSIS

The parties' calculations of the AEDPA statute of limitations as it applies to Petitioner's federal habeas corpus petition vary greatly.

2

According to Respondent, the statute of limitations (1) began to run on May 25, 2017, as this was the day after Petitioner's 90 days to seek review of the TCCA's direct appeal opinion from the United States Supreme Court expired, (2) ran for 274 days and paused on February 22, 2018, when Petitioner filed his petition for post-conviction relief, (3) began running again on April 19, 2023, the day after the Tennessee Supreme Court denied review of Petitioner's post-conviction appeal, and (4) expired 92 days later, on July 20, 2023 [Doc. 10, pp. 9–10]. Respondent therefore contends that the § 2254 petition, filed on August 16, 2023, is untimely [*Id.* at 10].

On the other hand, Petitioner asserts that the statute of limitations did not begin to run until the expiration of both his 30 days to appeal the trial court's entry of an amended judgment against him on May 5, 2017, and his subsequent 90 days to appeal that amended judgment to the United States Supreme Court [Doc. 12, p. 6]. Thus, according to Petitioner, the statute of limitations (1) began to run 120 days after the trial court's entry of the amended judgment, specifically on September 4, 2017, after which it ran for 171 days, (2) paused on February 22, 2018, when he filed his petition for post-conviction relief, (3) began running again on April 19, 2023, the day after the Tennessee Supreme Court denied review of his appeal of the denial of his post-conviction petition, and (5) ran for 119 days until he timely filed his petition on August 16, 2023 [*Id.* at 6–7].

Thus, Petitioner's statute of limitations calculations rest on his assertions that (1) the trial court's May 5, 2017, amended judgment against him restarted the AEDPA statute of limitations, and (2) the statute of limitations then did not begin to run until after both his 30 days to appeal that amended judgment to the TCCA and his subsequent 90 days to

3

appeal the amended judgment to the United States Supreme Court had passed, resulting in a start date of September 4, 2017. For the reasons set forth below, the Court disagrees with these assertions. However, even if the Court assumes that the trial court's amended judgment against Petitioner restarted the statute of limitations, his § 2254 petition is still untimely.

First, while Petitioner asserts that the trial court's May 5, 2017, amended judgment reflecting the merger of his murder convictions restarted the applicable AEDPA statute of limitations, this argument appears to be misplaced, as the amended judgment did not change Petitioner's sentence in a manner that was unfavorable to him. *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016) (providing that "[a] new, worse-than-before sentence . . . amounts to a new judgment" that restarts the AEDPA statute of limitations (citing *Burton v. Stewart*, 549 U.S. 147, 156 (2007)). But even if the Court accepts Petitioner's argument that this amended judgment against him restarted his AEDPA statute of limitations, his petition is still untimely, so the Court will assume without deciding that the amended judgment restarted the AEDPA statute of limitations for Petitioner in its calculations below.

However, Petitioner's assertion that the AEDPA statute of limitations did not begin to run for an additional 90 days after he could have filed a direct appeal of the amended judgment against him to allow him to file a petition for the United States Supreme Court to review his post-conviction petition is foreclosed by Sixth Circuit law. *See Feenin v. Myers*, 110 F. App'x 669, 671 (6th Cir. 2004) (providing that where the Tennessee habeas petitioner did not pursue a direct appeal, his state court conviction was deemed "final"

4

when the 30-day time-period in which he could have done so expired (citing Tenn. R. App. P. 4(a)).

The Court will now set forth its calculations of the limitations period in this case, assuming that the limitations period did not start until after Petitioner's time to appeal the amended judgment against him expired. First, as set forth above, the trial court entered its amended judgment against Petitioner on May 5, 2017 [Doc. 10-1, p. 1]. Thus, Petitioner's federal habeas corpus clock began to run 30 days later, specifically on June 5, 2017, when his time to file an appeal of the amended judgment expired. *Id*. The clock then ran for 262 days and paused on February 22, 2018, when Petitioner filed his post-conviction petition [Doc. 7-18, p. 5]. 28 U.S.C. § 2244(d)(2) (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral relief" does not count towards calculation of the AEDPA statute of limitations). Thus, when the clock paused on February 22, 2018, Petitioner had 103 days left to file his federal habeas corpus petition.

The limitations period remained paused from February 22, 2018, until April 15, 2023, the day after the Tennessee Supreme Court denied Petitioner's application for review of the denial of that petition [Doc. 7-29, p. 1]. It then expired 103 days later on July 27, 2023, without Petitioner seeking other state court collateral review or filing a federal habeas corpus petition. Accordingly, Petitioner's petition for habeas corpus relief under § 2254, which he filed on August 16, 2023 [Doc. 1, p. 12], is untimely.

However, the AEDPA's statute of limitations is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted where a petitioner shows that he diligently pursued his rights, but an

5

extraordinary circumstance prevented him from timely filing his petition. *Id.* at 649. A petitioner bears the burden of demonstrating that he is entitled to equitable tolling, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and federal courts grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *see also Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Petitioner's assertion that he is entitled to equitable tolling of the AEDPA statute of limitations is without merit. First, Petitioner claims that he showed due diligence in pursuing review of his case because he paid an attorney to represent him in his underlying state court trial, appeal, and post-conviction proceedings, and "[u]pon completion of review in state court [he] was unable to raise any further funds and immediately began pursuing federal habeas corpus" [Doc. 12, pp. 9–10]. He specifically notes that he received notice of the Tennessee Supreme Court's denial of review of his post-conviction appeal from his attorney on April 25, 2023, at which point the attorney advised him of the one-year statute of limitations for a federal habeas corpus action [*Id.* at 10, 12]. Petitioner states that that he immediately requested the lawyer's records, received those records on approximately July 1, 2023, "and completed the habeas corpus with all due haste" [*Id.* at 10]. As to the extraordinary circumstances prong of the equitable tolling doctrine, Petitioner reiterates his argument that his petition is timely under his calculations [*Id.*].

While Petitioner argues that he showed diligence in this case by hiring attorneys for his underlying state court criminal trial, appeal, and post-conviction proceedings, this

6

allegation has no relevance to the issue of whether Petitioner diligently pursued federal habeas corpus relief for his convictions. And the Court finds that Petitioner has not made such a showing. Specifically, Petitioner filed a letter from an attorney to him dated April 21, 2023, in which the attorney advised Petitioner in relevant part that (1) the Tennessee Supreme Court had denied review of his post-conviction appeal,[1] (2) "[a] federal habeas corpus petition may be the next available avenue for you to pursue," (3) "[a] one-year time frame is applicable" to such a filing, (4) calculation of the one-year period for filing a federal habeas corpus petition "can be complicated [and] [i]t is in your best interest to consult legal counsel to assist you in this matter"; and (5) the Tennessee Supreme Court's denial of review "concludes our firm's representation" [*Id.* at 27]. While Petitioner states that he immediately sought to obtain his records from this attorney after this letter but did not receive those records until approximately July 1, 2023, Petitioner does not provide any details from which the Court can find that he diligently sought quick receipt of the records from this attorney, or that an extraordinary circumstance prevented him from timely preparing his habeas corpus petition after his receipt of the records.

Moreover, to the extent Petitioner argues that he is entitled to equitable tolling due his lack of knowledge of the relevant law regarding the AEDPA statute of limitations, which he essentially argues led him to believe that he had until October 30, 2023, to file at

---

[1] While the attorney's letter does not specify that the TSC had denied review of Petitioner's post-conviction appeal, rather than his direct appeal [*Id.* at 27], it is apparent from both the date of the letter and Petitioner's documents demonstrating that he hired this attorney only for his state court post-conviction proceeding [*Id.* at 21–24] that this is the case. It is also clear from Petitioner's response that he understood this to be the case [*Id.* at 10].

7

timely habeas corpus petition [*Id.* at 6–7, 10], this argument is without merit. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (holding that "ignorance of the law alone is not sufficient to warrant equitable tolling").

Accordingly, the Court will grant Respondent's motion to dismiss the petition as time-barred [Doc. 9].

## IV. CERTIFICATE OF APPEALABILITY

The Court now must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a district court should issue a COA only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not debate the Court's ruling that the § 2254 petition is time-barred, a COA will not issue.

## V. CONCLUSION

For the reasons set forth above:

1. Respondent's motion to dismiss the petition as time-barred [Doc. 9] will be **GRANTED**;

2. Petitioner's motion to complete the record [Doc. 11] will be **DENIED as moot**;

3. A COA will not issue;

8

4. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. Fed. R. App. P. 24(a); and

5. This action will be **DISMISSED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE